U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK        OCT 20 2006

LAWRENCE K. BAERMAN, CLERK
ALBANY

---

MICHELE FERA,

          Plaintiff,       :   **COMPLAINT AND**
                                  **JURY DEMAND**

     -against-                :  Case No.

THE CITY OF ALBANY,           :
ALBANY POLICE DEPARTMENT,
MICHAEL COLBERT and     **06 -CV- 1278**
ROBERT SANTASKI,
                           :    LEK / RFT

          Defendants.

---

## PRELIMINARY STATEMENT

1.    This action seeks compensatory and punitive damages; costs and attorneys' fees for the personal injuries and damages sustained by Plaintiff Michele Fera through the negligence, discriminatory and intentional actions of the Defendants; compensation for pain and suffering, including loss of enjoyment of life; and compensation for medical expenses.

## JURISDICTIONAL STATEMENT

2.    Plaintiff brings this action against Defendants to redress the deprivation of rights secured her by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, Article 1 of the Constitution of the State of New York (Sections 1, 5, and other relevant provisions), and the common law, as well as any other relevant provisions of law.

3.    Plaintiff is a citizen of the State of New York. Each Defendant is, upon information and belief, a citizen of the State of New York or an entity, municipality, or other governmental body organized pursuant to the laws of the State of New York.

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. 1983.

5.      Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6.      Prior to filing this civil action, Plaintiff timely filed a claim with the following Respondents:  (1) The City of Albany, NY, (2) The Common Council of the City of Albany, NY, (3) Gerald D. Jennings, The Mayor of the City of Albany, NY, and (4) John J. Reilly, Corporation Counsel of the City of Albany, NY.  A copy of the Claim is attached hereto as **Exhibit A**.  In response to the claim, the Respondents demanded a hearing pursuant to Section 50-h of the New York State General Municipal Law.  A copy of the Demand is attached hereto as **Exhibit B**. Pursuant to the Demand, a hearing was held on April 25, 2006.  No compensation has been offered by Respondents in response to this claim.

### STATEMENT OF VENUE

7.      The action properly lies in the Northern District of the State of New York pursuant to 28 U.S.C. § 1391.

### PARTIES

8.      Plaintiff Michele Fera, residing at 789 Park Avenue, Albany, New York, 12208, is a citizen and resident of the United States in Albany County in the State of New York and was born on October 1, 1981.

9.      Plaintiff is a disabled individual who suffers from epilepsy.

10.     Defendant City of Albany operates and governs Defendant Albany Police Department pursuant to the laws of the State of New York.

11.     Defendants Michael Colbert and Robert Santaski are sued both individually and in their official capacities.  At all times pertinent hereto, Defendants Michael Colbert and Robert Santaski were employed by the Albany Police Department as police officers.

-2-

12.     At the time of the alleged incident at all times pertinent hereto, the defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

### FACTUAL ALLEGATIONS

13.     Plaintiff was present at the Department of Social Services at 162 Washington Avenue in the City of Albany, State of New York, on or about October 21, 2005.

14.     Following a fair hearing on said date, Albany Police Officers Michael Colbert and Robert Santaski arrived and arrested Plaintiff.

15.     Upon being arrested, Plaintiff was transported to the South Station of the Albany Police Department, located at 126 Arch Street in the City of Albany, State of New York.

16.     During the arrest, transport and/or other times while Plaintiff was under the full custody and control of the Albany Police Department, the Albany Police Department and Officers Michael Colbert and Robert Santaski, *inter alia*:

A.      exerted excessive force over Plaintiff and otherwise caused harm to Plaintiff before, during and after an epileptic seizure suffered by Plaintiff;

B.      failed to appropriate accommodate Plaintiff, a disabled individual;

C.      ignored Plaintiff's statements that she was about to experience a seizure while being arrested, as well as ignored signs and symptoms of a seizure during arrest;

D.      pulled and dragged Plaintiff by her heels to remove her from the police van when she was lying down on the floor of the van due to a seizure and was in a postictal state, causing her head to bang against the floor of the van;

E.      caused and allowed Plaintiff to sit unbuckled in the police van despite the warnings of a seizure;

F.      caused and allowed Plaintiff to sit or lie unbuckled or unattended on a bench at the South Station while experiencing a second seizure, causing her to strike her head against a wall, after being advised that she had experienced a seizure while in the custody of the

-3-

officers bringing her to the South Station.

17.     As a result of the incident, Plaintiff sustained serious injuries, including a fractured rib, a concussion, contusions and bruises requiring medical treatment by Albany Medical Center. Plaintiff has also sustained scarring and/or discoloration on her right facial cheek and right jaw and on her forehead, which is believed to be permanent.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR DEPRIVATION OF CIVIL RIGHTS

18.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "17" as if set forth fully herein.

19.     The force exerted on Plaintiff by Defendants Michael Colbert and Robert Santaski deprived Plaintiff of the rights and immunities secured to her under the Constitution and laws of the Untied States, in particular, Plaintiff's rights guaranteed to her by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Article 1 of the Constitution of the State of New York (Sections 1, 5, and other relevant provisions), for which Defendants Michael Colbert and Robert Santaski are individually liable.

20.     Defendants Michael Colbert and Robert Santaski violated the policies of the Albany Police Department in arresting and handling of the Plaintiff.

21.     At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

22.     By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur

expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

23.     The force exerted on Plaintiff by Defendants Michael Colbert and Robert Santaski when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others was done with actual malice toward Plaintiff with willful and wanton indifference to and deliberate disregard for the constitutional rights of plaintiff.  Plaintiff is thus entitled to punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT FOR DEPRIVATION OF CIVIL RIGHTS

24.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as if set forth fully herein.

25.     The policies and practices of Defendants City of Albany and Albany Police Department are insufficient and lacking adequate protocols for dealing with disabled individuals, including Plaintiff and others similarly situated to Plaintiff, when making an arrest and having such individual in custody, and violate Plaintiff's rights guaranteed to her by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Article 1 of the Constitution of the State of New York (Sections 1, 5, and other relevant provisions).

26.     The policies and practices of Defendants City of Albany and Albany Police Department are inadequate by, *inter alia*, failing to specify the manner in which officers or personnel should interact with and guard a person at risk of losing consciousness.

27.     At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

-5-

28.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR VIOLATION OF
### ARTICLE I OF THE CONSTITUTION OF THE STATE OF NEW YORK

29.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as if set forth fully herein.

30.    The force exerted on Plaintiff by Defendants Michael Colbert and Robert Santaski deprived Plaintiff of the rights secured to her under Article 1 of the Constitution of the State of New York (Sections 1, 5, and other relevant provisions), for which Defendants Michael Colbert and Robert Santaski are individually liable.

31.    Defendants Michael Colbert and Robert Santaski violated the policies of the Albany Police Department in arresting and handling of the Plaintiff.

32.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

33.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

34.    The force exerted on Plaintiff by Defendants Michael Colbert and Robert Santaski when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others was done with actual malice toward Plaintiff with willful and wanton indifference to and deliberate disregard for the constitutional rights of plaintiff.  Plaintiff is thus entitled to punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT FOR VIOLATION OF ARTICLE I OF THE CONSTITUTION OF THE STATE OF NEW YORK

35.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as if set forth fully herein.

36.    The policies and practices of Defendants City of Albany and Albany Police Department are insufficient and lacking adequate protocols for dealing with disabled individuals, including Plaintiff and others similarly situated to Plaintiff, when making an arrest and having such individual in custody, and violate Plaintiff's rights guaranteed to her by Article 1 of the Constitution of the State of New York (Sections 1, 5, and other relevant provisions).

37.    The policies and practices of Defendants City of Albany and Albany Police Department are inadequate by, *inter alia*, failing to specify the manner in which officers or personnel should interact with and guard a person at risk of losing consciousness.

38.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

39.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has

been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS MICHAEL COLBERT AND ROBERT SANTASKI ARISING IN ASSAULT AND BATTERY

40.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as if set forth fully herein.

41.    The force exerted onto Plaintiff by Defendants Michael Colbert and Robert Santaski when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others was without justification or provocation, was excessive, and constitutes assault and battery for which Defendants Michael Colbert and Robert Santaski are individually liable.

42.    As a proximate result of the assault and battery committed by Defendants Michael Colbert and Robert Santaski, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses.  These injuries have caused and will continue to case Plaintiff great pain and suffering, both mental and physical.

43.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

44.    The force exerted onto Plaintiff by Defendants Michael Colbert and Robert Santaski when Plaintiff was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff.  Plaintiff is thus entitled to punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT
## ARISING IN ASSAULT AND BATTERY

45.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" as if set forth fully herein.

46.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

47.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST
## DEFENDANTS MICHAEL COLBERT AND ROBERT SANTASKI
## ARISING IN NEGLIGENCE

48.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47" as if set forth fully herein.

49.    Defendants owed a duty to Plaintiff.

50.    The Defendants acted negligently in regard to Plaintiff.

51.    As a result of the negligence, Plaintiff sustained personal injuries and damages.

52.    Said injuries and damages were caused proximately by the carelessness and negligence of the Defendants, and no negligence of the Plaintiff contributed thereto.

53.     As a result of the negligence by the Defendants, the Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care.

54.     By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

55.     The negligence of Defendants when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others was done with willful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff.  Plaintiff is thus entitled to punitive damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT ARISING IN NEGLIGENCE

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" as if set forth fully herein.

57.     Defendants City of Albany and Albany Police Department did not adequately train, direct, supervise or control Defendants Michael Colbert and Robert Santaski so as to prevent the violation of Plaintiff's constitutional rights.

58.     At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

59.     By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST
### DEFENDANTS MICHAEL COLBERT AND ROBERT SANTASKI
### ARISING IN NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "59" as if set forth fully herein.

61.     The actions of Defendants Michael Colbert and Robert Santaski were negligent and without regard to the duty owed to Plaintiff.

62.     As a direct and proximate result of the conduct of Defendants Michael Colbert and Robert Santaski, Plaintiff has been forced to endure, and will continue to endure, pain and suffering, including loss of enjoyment of life, great emotional distress, suffer loss of morale, confidence and self esteem, as well as suffer humiliation, nervousness and extreme emotional hardship, all of which shall continue into the foreseeable future and permanently.

63.     As a direct and proximate result of the negligent infliction of emotional distress onto Plaintiff by Defendants Michael Colbert and Robert Santaski, the Plaintiff is entitled to an award of general, compensatory and punitive damages.

64.     By reason of the foregoing, Plaintiff been damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST
### DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT
### ARISING IN NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "64" as if set forth fully herein.

66.    The actions of Defendants Michael Colbert and Robert Santaski were negligent and without regard to the duty owed to Plaintiff.

67.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

68.    As a direct and proximate result of the conduct of Defendants Michael Colbert and Robert Santaski, Plaintiff has been forced to endure, and will continue to endure, pain and suffering, including loss of enjoyment of life, great emotional distress, suffer loss of morale, confidence and self esteem, as well as suffer humiliation, nervousness and extreme emotional hardship, all of which shall continue into the foreseeable future and permanently.

69.    As a direct and proximate result of the negligent infliction of emotional distress onto Plaintiff by Defendants Michael Colbert and Robert Santaski, the Plaintiff is entitled to an award of general, compensatory and punitive damages.

70.    By reason of the foregoing, Plaintiff been damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### AS AND FOR A ELEVENTH CAUSE OF ACTION AGAINST
### DEFENDANTS MICHAEL COLBERT AND ROBERT SANTASKI
### ARISING IN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "70" as if set forth fully herein.

72.    The actions of Defendants Michael Colbert and Robert Santaski were unwarranted and outrageous.

73.    As a direct and proximate result of the conduct of Defendants Michael Colbert and Robert Santaski, Plaintiff has been forced to endure, and will continue to endure, pain and

suffering, including loss of enjoyment of life, great emotional distress, suffer loss of morale, confidence and self esteem, as well as suffer humiliation, nervousness and extreme emotional hardship, all of which shall continue into the foreseeable future and permanently.

74.    As a direct and proximate result of the intentional infliction of emotional distress onto Plaintiff by Defendants Michael Colbert and Robert Santaski, the Plaintiff is entitled to an award of general, compensatory and punitive damages.

75.    By reason of the foregoing, Plaintiff been damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT ARISING IN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "75" as if set forth fully herein.

77.    The actions of Defendants Michael Colbert and Robert Santaski were unwarranted and outrageous.

78.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

79.    As a direct and proximate result of the conduct of Defendants Michael Colbert and Robert Santaski, Plaintiff has been forced to endure, and will continue to endure, pain and suffering, including loss of enjoyment of life, great emotional distress, suffer loss of morale, confidence and self esteem, as well as suffer humiliation, nervousness and extreme emotional hardship, all of which shall continue into the foreseeable future and permanently.

-13-

80.    As a direct and proximate result of the intentional infliction of emotional distress onto Plaintiff by Defendants Michael Colbert and Robert Santaski, the Plaintiff is entitled to an award of general, compensatory and punitive damages.

81.    By reason of the foregoing, Plaintiff been damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

## AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

82.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "81" as if set forth fully herein.

83.    Pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, Defendants The City of Albany and violated Plaintiff's Right to be free from discrimination on the basis of disability by failing to make reasonable modifications to their policies, practices and procedure to ensure that her needs as an individual would be met, in addition to failing to adequately and sufficiently train Defendants Michael Colbert and Robert Santaski with respect to such policies, practices and procedure.

84.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

85.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST
## DEFENDANTS THE CITY OF ALBANY AND ALBANY POLICE DEPARTMENT
## PURSUANT TO NEW YORK EXECUTIVE LAW SECTION 296

86.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "85" as if set forth fully herein.

87.    Pursuant to Section 296 of the New York State Executive Law (and other relevant provisions of the Human Rights Law) Defendants The City of Albany and violated Plaintiff's Right to be free from discrimination on the basis of disability by failing to make reasonable modifications to their policies, practices and procedure to ensure that her needs as an individual would be met, in addition to failing to adequately and sufficiently train Defendants Michael Colbert and Robert Santaski with respect to such policies, practices and procedure.

88.    At all times pertinent here to, Defendants Michael Colbert and Robert Santaski were acting within the scope of their employment as officers of the Defendant Albany Police Department and, as such, the Defendants Albany Police Department and the City of Albany are liable for damages caused to Plaintiff by the actions of Defendants Michael Colbert and Robert Santaski taken within the scope of their employment under the doctrine of respondeat superior.

89.    By reason of the foregoing, Plaintiff has and will continue to sustain serious and permanent personal injuries, pain and suffering, including the loss of enjoyment of life, has been permanently injured and rendered sick, sore and disabled and has and/or will incur expenses for medical care and was otherwise injured and damaged in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court render a judgment against the Defendant in the sum of FIVE HUNDRED THOUSAND and 00/100 DOLLARS ($500,00.00)., plus TWO HUNDRED FIFTY THOUSAND and 00/100 DOLLARS ($250,000.00) for punitive damages, together with the costs and disbursements of this action, along with such other and further relief

as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to FRCP 38, a demand is hereby made that the above-referenced action be tried by a jury.  A trial by a jury is expressly permitted by the Civil Rights Act of 1991 (42 U.S.C. § 1981a(c)).


DATED:      October 20, 2006

HIGGINS, ROBERTS, BEYERL & COAN, P.C.

By: _Michael E Basile_____
Michael E. Basile, Esq., of Counsel
Federal Bar Roll Number 101106
Attorneys for Plaintiff
Office and P. O. Address:
1430 Balltown Road
Schenectady, New York  12309
(518) 374-3399

S:\TMM\MEB\Fera\complaint.wpd

RECYCLED 

Exhibit A

## NOTICE OF CLAIM

TO:      THE CITY OF ALBANY, NY
             THE COMMON COUNCIL OF THE CITY OF ALBANY, NY
             GERALD D. JENNINGS, THE MAYOR OF THE CITY OF ALBANY, NY
             JOHN J. REILLY, CORPORATION COUNSEL OF THE CITY OF ALBANY, NY

YOU ARE HEREBY NOTIFIED that the undersigned Claimant, Michele Fera, has and makes claim against The City of Albany for personal injuries and damages generally sustained by reason of the facts and particulars hereinafter mentioned. In support of this claim, the Claimant states:

1.      The post office address of Claimant is 789 Park Avenue, Albany, New York, 12208.

2.      The Claimant's attorneys are Higgins, Roberts, Beyerl & Coan, P.C., Michael E. Basile, Esq., of Counsel. The post office address for the attorneys is 1430 Balltown Road, Schenectady, New York, 12309-4332. The telephone number for said attorneys is 518-374-3399.

3.      The above-mentioned claim is for personal injuries and damages sustained by the Claimant Michele Fera through the negligence, discriminatory and intentional actions of the City of Albany, its agents, servants and employees.

4.      The time when the claim arose and the time when the injuries alleged below were sustained was October 21, 2005, commencing at approximately 2:45 PM.

5.      The place of the occurrence of the incident resulting in the damages and the claim was the (1) Department of Social Services building, 162 Washington Avenue, Albany, New York, 12210, (2) in a City of Albany Police vehicle at and while en route from the Department of Social Services building at 162 Washington Avenue, Albany, New York, 12210, to the South Station of the Police Department of the City of Albany, 126 Arch Street, Albany, New York, 12202, and (3) South Station of the Police Department of the City of Albany, 126 Arch Street, Albany, New York, 12202.

6.    The cause of the incident and the manner in which the injuries were sustained are as follows: on October 21, 2005, at approximately 2:45 PM, Claimant Michele Fera was present at the Department of Social Services building at 162 Washington Avenue, Albany, New York, 12210, following a fair hearing when the Albany Police Department arrived and arrested Claimant and transported her to the South Station of the Police Department of the City of Albany, 126 Arch Street, Albany, New York, 12202. During said arrest, transport and/or other times while Claimant was under the full custody and control of the Albany Police Department, the Albany Police Department and one or more of its officers, including Mark Colbert, exerted excessive force over Claimant and otherwise caused harm to Claimant before, during, and after an epileptic seizure suffered by Claimant, failed to appropriately accommodate Claimant, a disabled individual, ignored Claimant's statements that she was about to experience a seizure while being arrested and signs and symptoms of a seizure during the arrest, pulled and dragged Claimant by her heels to remove her from the police van when she was lying down on the floor of the van due to a seizure and was in a postictal state, causing her head to bang against the floor of the van, caused and allowed her to sit unbuckled in the police van despite the warnings of a seizure and to sit or lie unbuckled or unattended on a bench at the South Station while experiencing a second seizure, causing her to strike her head against a wall, after being advised that she had experienced a seizure while in the custody of the officers bringing her to the South Station. Also, the incident was caused by or contributed to by the failure of the City of Albany, its police department and appropriate bureaus and personnel to appropriately create and/or implement policies or procedures for arresting, handling and dealing with individuals with Claimant's disability or other disabilities and/or to train officers with regard to said policies and procedures.

7.    The incident occurred due to the negligence, intentional acts, lack of due care, acts, omissions, and unlawful discrimination, based on disability in violation of § 296 of the

-2-

Executive Law of the State of New York, 42 U.S.C.A. § 12101 et seq. (Americans with Disabilities Act), 29 U.S.C.A. § 701 et seq. (Rehabilitation Act), of the City of Albany, its agents, servants and/or employees and others in using excessive force over Claimant by grabbing Claimant by her ankles, dragging her, causing her head to strike the floor and/or ground, pulling her up by her elbows and placing her unattended on a bench where she had another seizure and hit her head against a wall, and in otherwise causing harm to Claimant during epileptic seizures suffered by Claimant and immediately prior to and after the seizures and in failing to appropriately accommodate Claimant, an disabled individual, and in failing to appropriately create and/or implement policies or procedures for arresting, handling and dealing with individuals with Claimant's disability or other disabilities and/or to train officers with regard to said policies and procedures. Also, the City of Albany, its agents, servants and/or employees violated 42 U.S.C.A. § 1981 et seq. due to their violation of the above referenced statutes and their violation and deprivation of the constitutional rights of Claimant arising under amendments to the United States Constitution, including those arising under the First and Fourth Amendments to the United States Constitution as made applicable by the Fourteenth Amendment to the United States Constitution.

8.    As a result of the incident, the Claimant Michele Fera sustained serious injuries, including a fractured rib, a concussion, contusions and bruises requiring medical treatment by Albany Medical Center. Claimant Michele Fera has and will continue to sustain severe pain and suffering, including the loss of enjoyment of life. She also has sustained scarring and/or discoloration on her right facial cheek and right jaw and on her forehead, which is believed to be permanent. Claimant Michele Fera has and/or will incur medical bills in yet undetermined amounts for treatment.

9.    As a result of the injuries sustained by Claimant Michele Fera, Claimant has been permanently injured and rendered sick, sore and disabled and have and/or will incur

-3-

expenses of medical care for Claimant.

10.     This claim is filed within ninety (90) days after the claim arose and after damages/injuries were sustained by the Claimant and compliance has been had with all provisions and conditions of Section 50-e of the General Municipal Law.

11.     It is maintained that the City of Albany had a non-delegable duty with respect to the property in question and the claims raised herein, negating the limitations on liability set forth in Article 16 of the CPLR.

YOU ARE FURTHER HEREBY NOTIFIED that in the default of the aforesaid of City of Albany paying Claimant damages within the time limit for compliance with this demand in such case made and provided that Claimant shall commence an action against the City of Albany on said claim.

WHEREFORE, the Claimant makes claim against the above-named City of Albany to recover damages for personal injury.

DATED:     January 12 , 2006

_Michele Fera_
Michele Fera

STATE OF NEW YORK          )
COUNTY OF SCHENECTADY  ) ss.:

MICHELE FERA, being duly sworn, deposes and says that she is the Claimant named above; that deponent has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

_Michele Fera_
Michele Fera

Sworn to before me this 12th
day of January, 2006.

_Michael E. Basile_
Notary Public

**MICHAEL E. BASILE**
Notary Public, State of New York
No. 02 BA 4804261
Qualified in Schenectady County
Commission Expires ____8/31/06

-4-

HIGGINS, ROBERTS, BEYERL & COAN, P.C.

By: _Michael E. Basile_

Michael E. Basile, Esq., of Counsel
Attorneys for Claimants
Office and P. O. Address:
1430 Balltown Road
Schenectady, New York  12309
(518) 374-3399

s.tmm.meb.fera.notice of claim

RECYCLED 

Exhibit B

STATE OF NEW YORK
SUPREME COURT   COUNTY OF ALBANY

---

MICHELE FERA,

               Claimant,

        -against-

CITY OF ALBANY, NY
THE COMMON COUNCIL OF THE
CITY OF ALBANY, NY,
GERALD D. JENNINGS, THE MAYOR
OF THE CITY OF ALBANY, NY,
JOHN J. REILLY, CORPORATION COUNSEL
OF THE CITY OF ALBANY, NY
                Respondents.

---

**DEMAND FOR HEARING
PURSUANT TO SECTION-50H
OF THE NEW YORK STATE
GENERAL MUNICIPAL LAW**

To:  Michael E. Basile, Esq.
      Higgins, Roberts, Beyerl & Coan, P.C.
      1430 Balltown Road
      Schenectady, New York 12309-3399

YOU ARE HEREBY REQUIRED to appear at the offices of the Corporation Counsel of the City of Albany, New York, City Hall, Room 106, Eagle Street, Albany, New York, at 10:00 a.m. on the April 25, 2006 to be examined under oath in connection with a claim made by you against the City of Albany, growing out of alleged injuries or damages claimed to have been sustained on or about the 21st day of October, 2005, and to answer as to any facts relative to the justness of such claim and the occurrence and extent of such damages or injuries for which claim is made, all as provided by Local Law No. 1 of 1953 of the City of Albany.

PLEASE TAKE FURTHER NOTICE, that on your failure to appear and be examined as herein required, no action shall be commenced against the City of Albany, New York.

DATED: March 8, 2006

                              **THOMAS P. NITIDO**
                              **Comptroller**

cc: Stephen N. Fiato, CSR

# State of New York

**SUPREME** Court, County of ALBANY

Index No.

Year 2006

---

MICHELE FERA,

**Claimant,**

- against -

CITY OF ALBANY, NY, et al.

**Respondents.**

---

## DEMAND FOR HEARING PURSUANT OT SECTION –50H

---

**John J. Reilly, Corporation Counsel**

ATTORNEY FOR CITY OF ALBANY

**Gregory J. Teresi, Esq., Assistant Corporation Counsel**

*Office and Post Office Address*

CITY HALL
ALBANY, NEW YORK 12207
(518) 434-5050

---

Due and timely service of a copy of the within                              is hereby admitted.

Dated,

Attorney(s) for                              ................................................................

---

(NOTICE OF ENTRY)
    Please take notice that the within is a true copy of a

duly entered in the office of the clerk of the within named court on

(NOTICE OF SETTLEMENT)
    Please take notice that an order of which the within is a true copy will be presented for settlement to the

Hon.                                                one of the judges of the within named Court,

at

on the          day of                              at          M.

Dated,                     Yours, etc.

**John J. Reilly, Corporation Counsel**

ATTORNEY FOR CITY OF ALBANY

To

Attorney(s) for                              *Office and Post Office Address*

CITY HALL
ALBANY, NEW YORK 12207
(518) 434-5050